**THE NORTHERN TRUST COMPANY,** a corporation, as trustee, etc., v. **HENRIETTA KING,** a widow, and the **FLORIDA NATIONAL BANK OF JACKSONVILLE,** a corporation, as executor under the Last Will and Testament of Andrew King, deceased.

6 So. (2nd) 539          Special Division A

February 27, 1942

612

Harris & Kooman, for appellant.

Bussey, Mann & Barton, for appellee.

Charles F. Preece, for appellee, The Florida National Bank of Jacksonville, as executor, etc.

ADAMS, J.:

This appeal brings for review a final decree construing an ante-nuptial agreement.

The first part of the agreement states:

"Witnesseth: that in contemplation of marriage between the parties to this instrument and for the purpose of barring dower, homestead, widow's award and any and all distributive interest and allowances

of all kinds accruing to a surviving wife by virtue of the statutes of this State now or hereafter in force out of the estate of a deceased husband, it is hereby agreed between the parties hereto, as follows:" thereafter in said agreement the following appears:

"She the said Henrietta Latham as such surviving widow shall receive out of the estate of the said Andrew W. King the sum of Five Thousand Dollars ($5000.00) in lieu of Dower, Homestead, Widow's Award and in lieu of all distributive interests and allowances of all kinds out of the estate of the said party of the first part.

"And in further consideration of the premises and of the settlement herein entered into, the said Henrietta Latham party of the second part hereby relinquishes all right of Dower, homestead, widow's award and all distributive interests and allowance of all kinds out of the estate of the said party of the first part that might accrue to the said party of the second part by virtue of the laws of descent in the estate of the said party of the first part, in case the covenants and agreements herein had not been entered into."

There was other valuable consideration passing from the intended husband. He was 63 years of age and 10 years her senior. The contract was made in Illinois in 1925 where the parties resided. Thereafter the parties were married and continued their residence in Illinois until 1937 when they moved to Florida and established their residence in the latter state. The husband died in Florida in 1940 leaving property in Illinois and Florida. No property was owned in Florida until after his residence was moved here. The property in Florida was a part of his accumulation in Illinois.

The chancellor held the contract limited to the Illinois property and inoperative as to the Florida property.

We are to ascertain the intent of the contracting parties at the time of the execution of the contract.

The chancellor was of the opinion that there was no ambiguity in the contract. Upon such premise he limited his interpretation of the contract strictly to the language employed in same. We think this was an erroneous premise and being so necessarily led to an erroneous conclusion. We concede that the contract is not contradictory, nevertheless it certainly is uncertain and doubtful in meaning. The recital is limited to Illinois property. The covenant, while not contradictory of the former, is more inclusive in that it relates to all property of the estate. Where a contract is ambiguous or its meaning is doubtful the circumstances surrounding the parties at the time of execution and also the object of its execution may be shown. St. Lucie County Bank v. Aylin, 94 Fla. 528, 114 So. 438. Jacobs v. Parodi, 50 Fla. 54, 30 So. 833; L'Engle v. Scottish Union etc., 48 Fla. 82, 37 So. 462, 67 L.R.A. 581, 111 Am. St. Rep. 77, 5 Ann. Cases 748.

The law is settled that in our search for the intent of the parties in these kind of cases we are guided by substantially the same rules as when construing other contracts. 30 C. J. 646.

This contract was made by citizens of Illinois, having no property beyond Illinois, and no evident purpose to move elsewhere. The parties were of mature age and judgment. The contract was for a substantial consideration. It appeared to be fair and comprehensive.

The primary purpose of the contracting parties obviously, was to make full settlement for dower or other interest in the estate before the marriage ceremony. That was the intent of the parties. If there had been any thought of limiting the contract to certain property then why would the parties have used the broad language in the operative clause? The question then arises whether we will be governed by the recital or the operative clause. The law appears settled that where there is a difference in the recital and covenant, the covenant will prevail. 17 C.J.S. 733. This is so where the covenant is unambiguous. We think this rule is controling here because the covenant is unambiguous and neither the recital nor covenant are conflicting as to the primary intent.

The difference relates to the scope and degree to which the contract will operate.

We are persuaded to the conclusion that it was the intent of the contracting parties to withhold from the intended wife completely, absolutely and unconditionally any claim of dower or other interest in the estate of the other contracting party.

The decree is reversed.

BROWN, C. J., WHITFIELD and BUFORD, JJ., concurring.