113 So.2d 551 (1959)
Abbott A. KARLIN and Rubin Wollowick, Petitioners,
v.
CITY OF MIAMI BEACH and Oscar Markovich, Respondents.
Supreme Court of Florida.
July 1, 1959.
Rehearing Denied August 11, 1959.
*552 Anderson & Nadeau, Miami, for petitioners.
Ben Shepard, Miami, and Joseph A. Wanick, Miami Beach, for respondent City of Miami Beach.
Williams & Salomon, Miami, for respondent Oscar Markovich.
THORNAL, Justice.
Petitioners who were plaintiffs in the trial court ask us to review by certiorari a decision of the District Court of Appeal, Third District, which affirmed an order of the trial judge sustaining a motion to dismiss the original complaint.
We must determine whether the instant proceeding is so patently frivolous as to make it subject to a motion to quash under Rule 3.9(b), Florida Appellate Rules, 31 F.S.A.
Petitioner Karlin as a taxpayer and petitioner Wollowick as an interested party filed a two page complaint to obtain a decree invalidating a contract between the respondents. By the contract the City of Miami Beach apparently awarded to the respondent Markovich the concession privilege for the sale of food, tobacco and beverages in the Miami Beach Municipal Auditorium. The Chancellor sustained a motion to dismiss the complaint. On appeal the District Court of Appeal, Third District, affirmed the ruling of the Chancellor without opinion. Fla.App. 1959, 109 So.2d 625. The petitioners now ask us to review the decision of the Court of Appeal by the instant petition for certiorari. The sole ground for review announced by the petition is as follows:
"The decision of the District Court of Appeal, Third District, the petitioners seek to have reviewed is in conflict with the public policy of the State of Florida as reflected in various statutes and rulings of this court and is a matter of importance to the people of this community and of great public interest."
The respondents have filed a motion to quash the petition on the ground that it fails to reflect any jurisdiction in this court.
Since July 1, 1957, the effective date of amended Article V, Florida Constitution, F.S.A., we have many times announced that the jurisdiction of this court was, as of that date, circumscribed by the specific limitations stipulated in the Constitution. Shortly after amended Article V became effective we thought that we detected a sort of prodding process whereby repeated efforts were made to induce this court to break down the barriers which separated our jurisdiction from that of the several Courts of Appeal which were created by amended Article V, supra. We have resisted these assaults against the finality of decisions of the Courts of Appeal in all of those cases where such decisions were entitled to be accorded finality.
To the point that it has appeared on occasion to be needless repetition we have time and time against announced the view that in the great bulk of cases decided by the Courts of Appeal, their decisions are final. We have repeatedly described the Courts of Appeal as being in substantial measure final appellate courts of last resort except only in the limited area in which this court has been endowed with the power to review by appeal or certiorari.
Article V, Section 4(2), Florida Constitution, provides in part that the Supreme Court may review by certiorari: (1) "Any decision of a district court of appeal that affects a class of constitutional or state officers" or, (2) "that passes upon a question certified by the district court of appeal to be of great public interest", or (3) "That is in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law."
The three categories of jurisdiction specifically announced in the Constitution and quoted immediately above, are the sole and only bases for approaching this court to *553 review the decisions of Courts of Appeal by way of certiorari. It is appropriate to remind that certiorari is not to be employed indiscriminately as an added escape route to reach the objective of a second appeal. Once this court undertakes to relax the well-defined barriers which circumscribe and define its jurisdiction then the Courts of Appeal will become mere stepping stones along the appellate way. They will become merely intermediate resting places along an arduous and expensive pathway in the appellate process. If this situation should ever come about the tremendous effort that was expended in the revision of our appellate judicial system will have come to naught and the effective and efficient administration of justice in this state will have suffered a severe blow.
We wish to make it clear that this court remains conscious of its duty to accept and thoroughly consider all cases falling within its jurisdiction as defined by the Constitution. In cases of reasonable doubt, there can certainly be no adverse criticism of those who seek entrance here. It is our duty to hear them and decide whether they are entitled to enter. On the other hand, when the lack of jurisdiction or potential jurisdiction is patently, crystal clear, we likewise deem it our responsibility in the interest of the administration of justice to dispose of the matter with appropriate dispatch to prevent the clogging of the judicial machinery.
We have now enjoyed almost two years of experimentation and acquiring of experience under amended Article V, supra. While the road ahead in the process of clarifying the jurisdiction of this court still remains somewhat lengthy we have the view that by now many aspects of the problem have been thoroughly and clearly resolved. The lack of experience in the proper application of the provisions of the Constitution no longer tenders an excuse for those who flagrantly ignore the requirements of the Constitution or the rules, or who promulgate patently frivolous appeals to this court for the apparent purpose of delay only.
An analysis of the sole ground for review which we have quoted verbatim in the forepart of this opinion will reveal that it is totally lacking in any of the jurisdictional elements prescribed by the Constitution. The petitioners seem to contend that we should review the order of the Court of Appeal because allegedly it conflicts "with the public policy" of the State. The petitioners fail to point out any prior decision of this court or another Court of Appeal which collides with the instant decision on the same point of law. Similarly, they fail to show how in any fashion the instant decision affects a class of constitutional or State officers and it is not suggested that the question, which allegedly is of great public interest, has been certified to us by the Court of Appeal.
It is perfectly obvious therefore, that the petition for certiorari fails completely to suggest any constitutional basis for the exercise of jurisdiction by this court. We think the petition for certiorari is totally lacking in any semblance of merit and is, therefore, subject to the motion to quash.
It is not inappropriate to point out for the information of the Bar that provision of Rule 4.5c(6), Florida Appellate Rules, which reads as follows:
"Failure to file a petition for certiorari after the filing of notice of intention hereunder or the filing of a frivolous petition for certiorari shall subject the petitioner to such penalties or damages as shall be fixed by the Supreme Court or district court of appeal."
This court has not yet undertaken to impose the penalties authorized by the quoted provision. We will not do so in this instance because the rule is not invoked by the respondents and because fairness suggests that we first record a warning before we begin enforcing the rule. We mention the provision here to advise that it has not been overlooked.
*554 Contrary to custom we have written an opinion in connection with a motion to quash a petition in order to make clear the policy and position of the court on the subject discussed. We have done so with the sincere hope that it will be of service to the Bar and litigants.
The motion to quash the petition for writ of certiorari is granted and the petition is hereby quashed.
It is so ordered.
TERRELL, Acting Chief Justice, and HOBSON, DREW and O'CONNELL, JJ., concur.