139 So.2d 885 (1962)
V.I. KYLE, a/K/a DeValmont Ivan Kyle, a/K/a Valmont Ivan Kyle, Petitioner,
v.
Gladys KYLE, Respondent.
No. 31435.
Supreme Court of Florida.
April 11, 1962.
*886 Buckley & Bland and Ronald N. Johnson, Fort Lauderdale, for petitioner.
McCune, Hiaasen, Crum & Ferris and Davis W. Duke, Jr., Fort Lauderdale, for respondent.
THORNAL, Judge.
By a petition for a writ of certiorari we are requested to review the decision of the District Court of Appeal, Second District, appearing at 128 So.2d 427 on the alleged ground that it conflicts with a prior decision of this Court on the same point of law.
We dispose of the matter on jurisdiction grounds without reaching the merits.
It is unnecessary to summarize the facts. Resort may be had to the cited decision of the Court of Appeal for an accurate factual statement. The Court of Appeal was called upon to decide "whether the antenuptial agreement, validly executed in Canada without witnesses, should be deemed, by application of Canadian law, as operative in Florida with respect to dower in Florida realty." That court concluded that witnesses to the execution of the instrument were necessary to its validity.
Petitioner here contends that the decision under review collided with the prior decision of this Court in Northern Trust Co. v. King et al., 149 Fla. 611, 6 So.2d 539. The asserted conflict allegedly derives from the language of the Northern Trust Co. decision to the effect that the antenuptial contract there should be construed "to withhold from the intended wife completely, absolutely and unconditionally any claim of dower or other interest in the estate of the other contracting party."
In distinguishing the instant case from Northern Trust Co. the Court of Appeal explored the original file of the latter case *887 lodged in this Court. The investigation revealed that the agreement in Northern Trust Co. was unwitnessed and in addition, that only personal property was involved. We think it was unnecessary to develop these factual characteristics of Northern Trust Co. for the reason that it is distinguishable from the instant case on the face of the opinion.
In concluding that we have no jurisdiction to review the instant decision on the "conflict theory" we repeat what we have written on other occasions. The test of our jurisdiction in such situations is not measured simply by our view regarding the correctness of the Court of Appeal decision. On the contrary, jurisdiction to review because of an alleged conflict requires a preliminary determination as to whether the Court of Appeal has announced a decision on a point of law which, if permitted to stand, would be out of harmony with a prior decision of this Court or another Court of Appeal on the same point, thereby generating confusion and instability among the precedents. We have said that conflict must be such that if the later decision and the earlier decision were rendered by the same Court the former would have the effect of overruling the latter. Ansin v. Thurston, Fla., 101 So.2d 808. If the two cases are distinguishable in controlling factual elements or if the points of law settled by the two cases are not the same, then no conflict can arise. Florida Power and Light Co. v. Bell, Fla., 113 So.2d 697; Nielsen v. City of Sarasota, Fla., 117 So.2d 731.
When we apply the standards for determination of jurisdiction which we have catalogued in the cited cases, the absence of conflict between the instant case and Northern Trust Co. becomes apparent. The decisional point of law dispositive of the Northern Trust Co. situation did not in any respect involve the formal validity of the antenuptial agreement. It could not have, because the question was neither raised by the record nor discussed in the decision. The sole point there simply was whether the agreement was ambiguous and if so, the proper construction thereof. In the instant case the Court of Appeal was not called upon to construe the agreement. It was concerned entirely with the formal requirements essential to the validity of the particular antenuptial agreement sought to be enforced.
Our own conclusion is actually supported by the brief of the petitioner where it is pointedly observed that since "there is no Florida law touching on this question as to what is required of a single woman in releasing her dower, plaintiff cites the following cases from other jurisdictions that have ruled on this point." (Emphasis added.) We are then referred to certain decisions of the Supreme Courts of Maine and Minnesota.
Our own research has failed to reveal any prior decisions in this jurisdiction disposing of the point of law raised by the petitioner. We are, therefore, compelled to agree with his observation to this effect but in doing so, we are likewise compelled to decide that we have no jurisdiction to review the decision of the Court of Appeal on the "conflict theory." This is so because a conflict between the decision of a Florida Court of Appeal and a decision of the highest court of another state furnishes no jurisdictional basis for review by us under the Florida Constitution. In such a situation we have not been granted the power to disturb the decision of a Court of Appeal even though we ourselves might prefer the rule announced by the highest court of another state. Otherwise stated, the conflict must stem from divergent decisions on the same point of law by separate courts within the appellate jurisdictional system of the State of Florida. The admitted novelty of the question to be decided in and of itself bespeaks a lack of jurisdictional conflict.
Finding as we do the absence of a conflict between the decision submitted for review and any prior decisions of this Court *888 or another Court of Appeal we are compelled to conclude that there is an absence of jurisdictional foundation to activate an investigation of the merits of the Court of Appeal decision.
The writ having been improvidently issued, it is hereby discharged.
It is so ordered.
THOMAS, DREW, O'CONNELL and HOBSON (Ret.), JJ., and SCOTT, Circuit Judge, concur.
ROBERTS, C.J., agrees to conclusion.