CARLTON, Justice.
Petitioner’s counsel has filed a petition in this Court for a writ of certiorari to the Third District Court of Appeal seeking a review of the District Court’s decision reported at 228 So.2d 412 (3rd D.C.A., Fla. 1969). Petitioner’s counsel “[Sjubmits that jurisdiction of the Supreme Court is based upon the District Court of Appeal’s misconstruction or misapplication of Rule 1.170(a) of the Florida Rules of Civil Procedure.” The petition’s claim to jurisdiction is based solely on the above: no deci-sional conflict is alleged; no class of constitutional or State officers are allegedly affected; no public interest certification is suggested.
Respondent has responded appropriately with a motion to quash the petition because, “The petition for writ of certiorari not only wholly fails to show, but fails to claim, the existence of any conflict which would entitle this Court to take jurisdiction. The same is true of petitioner’s brief.”
We are granting respondent’s motion because we think it necessary to remind our fellow practitioners that jurisdiction in this Court is a matter strictly described by Article V, Section 4(2) of our Constitution, F.S.A. To this end, we recall attention to Mr Justice Thornal’s succinct commentary in Karlin v. City of Miami Beach, 113 So.2d 551 (Fla.1959), at 552-553:
“Article V, Section 4(2), Florida Constitution, provides in part that the Supreme Court may review by certiorari: (1) ‘Any decision of a district court of appeal that affects a class of constitutional or state officers’ or, (2) ‘that passes upon a question certified by the district court of appeal to be of great public interest’, or (3) ‘That is in direct conflict with a decision of another district court *418 of appeal or of the supreme court on the same point of law.’
“The three categories of jurisdiction specifically announced in the Constitution and quoted immediately above, are the sole and only bases for approaching this court to review the decisions of Courts of Appeal by way of certiorari. It is appropriate to remind that certiorari is not to be employed indiscriminately as an added escape route to reach the objective of a second appeal. Once this court undertakes to relax the well-defined barriers which circumscribe and define its jurisdiction then the Courts of Appeal will become mere stepping stones along the appellate way. They will become merely intermediate resting places along an arduous and expensive pathway in the appellate process. If this situation should ever come about the tremendous effort that was expended in the revision of our appellate judicial system will have come to naught and the effective and efficient administration of justice in this state will have suffered a severe blow.
“We wish to make it clear that this court remains conscious of its duty to accept and thoroughly consider all cases falling within its jurisdiction as defined by the Constitution. In cases of reasonable doubt, there can certainly be no adverse criticism of those who seek entrance here. It is our duty to hear them and decide whether they are entitled to enter. On the other hand, when the lack of jurisdiction or potential jurisdiction is patently, crystal clear, we likewise deem it our responsibility in the interest of the administration of justice to dispose of the matter with appropriate dispatch to prevent the clogging of the judicial machinery.”
The motion to quash the petition for writ of certiorari is granted and the petition is hereby quashed.
It is so ordered.
ADKINS and BOYD, JJ., concur.
ERVIN, C. J., agrees to conclusion.
ROBERTS, J., dissents.