UNITED STATES of America, Appellee,

v.

Kermit Joseph PLOUNT, Appellant.

No. 26498.

United States Court of Appeals, Ninth Circuit.

Dec. 3, 1971.

Suzanne E. Graber, San Rafael, Cal., for appellant.

Stan Pitkin, U. S. Atty., Tacoma, Wash., for appellee.

Before ELY, WRIGHT, and KILKENNY, Circuit Judges.

PER CURIAM:

Plount, a federal prisoner, was convicted of assaulting a fellow inmate with a dangerous weapon with intent to do bodily harm. 18 U.S.C. § 113(c). His trial was to a jury. On appeal, he challenges (1) the admissibility of statements made by him immediately after the alleged assault, (2) the failure of the trial court to conduct an inquiry into the voluntariness of his incriminatory statements, (3) the giving of an instruction on self defense and flight, and the failure to give an instruction on provocation, (4) the scope of cross-examination, and (5) the adequacy of his trial counsel.

Since the foregoing contentions were not made in the court below, we can recognize and undertake to remedy only "plain errors . . . affecting substantial rights." Rule 52(b), Fed.R.Crim.Proc. We have examined the record and have concluded that none of the claimed errors constitute "plain" error. Moreover, the record does not conclusively demonstrate that Plount's trial attorney was incompetent in the constitutional sense. *See* United States v. Porter, 431 F.2d 7, 10–11 (9th Cir.), cert. denied, 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 269 (1970).

There may have been valid reasons, based on trial strategy, why the attorney chose not to pursue courses which, in hindsight, might be thought to have been more desirable.

Affirmed.