LeRoy WILLIAMS, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 71–1695

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1971.

John R. Brown, Chief Judge, concurred and filed opinion.

LeRoy Williams, pro se.

P. A. Pacyna, Asst. Atty. Gen. of Fla., Robert L. Shevin, Atty. Gen., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, INGRAHAM and RONEY, Circuit Judges.

RONEY, Circuit Judge:

LeRoy Williams, a Florida state prisoner, seeks a writ of habeas corpus contending that his plea of guilty to a robbery charge was coerced and involuntary and that he had inadequate counsel. The district court dismissed the petition

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409.

on the ground that Williams had failed to exhaust his state remedies. Being unable to find in this record any avenue to state relief still open to petitioner, we reverse and remand.

## I.

At the outset it should be noted that the district court did not specifically set forth what further remedy is available to defendant, nor does the state's brief show what remedies remain unexhausted. We then have the difficult task of trying to make a determination of the available state remedies without aid from the district court or the state, and with petitioner, of course, claiming that he knows of no state remedy which he has not pursued to exhaustion.

■ This review could have been facilitated if the district court had treated the unexhausted state remedy as a finding of fact which must be specifically stated in the manner provided by Rule 52, F.R.Civ.P.[1] Waters v. Beto, 392 F.2d 74 (5th Cir. 1968). If such a procedure were generally followed, some appeals might even be eliminated because a petitioner, especially one proceeding pro se, could learn from the district court's disposition of his case what state forum and what state procedure is still open to him.

## II.

The question is whether the issues of the voluntariness of the guilty plea and inadequacy of counsel were ever presented to the state courts. In an opinion on appeal from the initial collateral attack by Williams on the conviction, a Florida appellate court stated that "the voluntariness of the guilty plea of the appellant is not questioned in this case." Williams v. State of Florida, 214 So.2d 29 (Fla.App.1968). Since this opinion

was referred to by the court below, it may be that the court thought that Williams had failed to present the issues involved here to the Florida District Court of Appeals.

However, the petitioner thereafter returned to state court by filing another motion to vacate sentence under Florida Criminal Procedure Rule 1.850, 33 F.S.A.[2] Although the record does not contain that motion, it does contain a brief for petitioner filed in his appeal from a denial of the motion. The brief did argue the issues of coerced plea and inadequate counsel. The denial of relief was affirmed by the Florida Second District Court of Appeals without opinion.

■ Since petitioner did not seek review by the Florida Supreme Court, we must consider whether that failure supports the contention that Williams has not exhausted his state remedies.[3] Under the circumstances of this case, we are of the opinion that a review by the Florida Supreme Court was not available to Williams within the meaning of the habeas corpus provisions of the United States Code. 28 U.S.C. § 2254. Bartz v. Wainwright, 5th Cir. 1971, 452 F.2d 606 [Nov. 19, 1971].

■ The Florida Supreme Court's jurisdiction is strictly described by the Florida Constitution. F.S.A., Const., Art. 5, § 4(2); Lawyers Title Ins. Corp. v. Little River Bank & T. Co., 243 So.2d 417 (Fla.1970). The Florida District Courts of Appeal were created not as intermediate courts of appeal but as the "end of the road" for most appeals. The Florida Supreme Court has the role of maintaining uniformity and harmony in appellate court decisions by resolving conflicts with Supreme Court decisions and conflicts between the districts. Foley v. Weaver Drugs, Inc., 177 So.2d 221

1. A remand for a finding on this point would be inappropriate here because of the further delay to the petitioner.

2. The Florida equivalent of 28 U.S.C. § 2255.

3. The district court may have thought it was the failure to seek review from the

Florida Supreme Court, rather than failure to appeal to the Florida District Court of Appeals which was fatal to Williams' petition. Obviously, a finding of which of these forums was available would have made our review much easier.

(Fla.1965); Gibson v. Maloney, 231 So. 2d 823 (Fla.1970). In a case such as this, the test of jurisdiction is not whether the Supreme Court believes a decision is incorrect but whether the decision sought to be reviewed conflicts with a decision of the Florida Supreme Court or a decision of a different district court of appeals. Kyle v. Kyle, 139 So.2d 885 (Fla.1962).[4]

There are two factors in this case which weigh heavily against any possibility of Supreme Court review. First, the Florida court of appeals' decision was without an opinion. Although this does not necessarily preclude review by the Florida Supreme Court, it makes "conflict jurisdiction" very difficult to obtain. Foley v. Weaver Drugs, Inc., *supra*. Second, the issues involved here appear to be primarily questions of fact and not of law.

Accordingly, we hold that in this case the existence of conflict jurisdiction in the Florida Supreme Court with its limited scope offers no practical remedy that Williams was required to exhaust under 28 U.S.C. § 2254. Bartz v. Wainwright, 5th Cir. 1971, 452 F.2d 606 [Nov. 19, 1971]. The requirements of this section are rooted in the doctrine of comity and should not be so construed as to burden the state system with meaningless petitions for relief to forums which are not intended by state law to consider them.

Williams' pleadings and exhibits sufficiently allege exhaustion of state remedies so that he is entitled to have his petition for writ of habeas corpus considered on its merits.

Reversed and remanded.

JOHN R. BROWN, Chief Judge (specially concurring):

I concur fully in the Court's judgment and the opinion for us by Judge Roney. I would add this only to emphasize the obligation on the District Judges in all of the Districts of the Fifth Circuit handling a state habeas case to pinpoint with precision and adequate detail both the facts and controlling local or federal law on the specifics of why the petitioner has failed to exhaust state remedies. This becomes all the more important since the problem frequently shades off into the murky area of deliberate bypass.

Courts are today the subject of widespread criticism for the seemingly endless process from conviction to ultimate determination of post-conviction attacks. Finality is a value judgment society has a right to make. Courts serve that goal with complete fidelity to the rights of the petitioner by judicial action which clearly reveals the basis for decision, and upon which the Court of Appeals can act with assurance and hopefully once and for all.

4. No suggestion is made nor does it appear that the decision involved a matter of great public interest or any other issue that would require review under F.S.A., Const. Art. 5, § 4(2), which provides as follows: "Appeals from district courts of appeal may be taken to the supreme court, as a matter of right, only from decisions initially passing upon the validity of a state statute or a federal statute or treaty, or initially construing a controlling provision of the Florida or federal constitution. The supreme court may review by certiorari any decision of a district court of appeal that affects a class of constitutional or state officers, or that passes upon a question certified by the district court of appeal to be of great public interest, or that is in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law, and may issue writs of certiorari to commissions established by law."