ENGLAND, Justice.
By petition for a writ of certiorari we have been asked to review an order of the First District Court of Appeal denying petitioner a writ of habeas corpus. Petitioner asserts jurisdiction on the ground that the appellate court ruled on a question of great public interest, and requests that we *655 reverse the decisions of that court and the trial court below to the effect that petitioner should be denied bail pending appeal. The petition for a writ of certiorari is denied.
The order here under review denied petitioner’s writ of habeas corpus, referred to our prior issuance of a rule nisi on the question of petitioner’s bail, and then went on to “certify this cause to the Supreme Court in order to finally lie this cause to rest.” Despite petitioner’s suggestion that this Court has jurisdiction under Article 5, section 3 of the Florida Constitution and Florida Appellate Rule 4.5c (6) (2), we find no jurisdictional basis to review the final appellate determination made by the First District Court of Appeal.
Article 5, section 3(b)(3) of the Florida Constitution states in relevant part that this Court:
“may review by certiorari any decision of a district court of appeal that passes upon a question certified by a district court of appeal to be of great public interest . . . .” (emphasis added.)
Rule 4.5c (6) (2) merely repeats that authorization. On its face, the order brought to us for review does not meet constitutional requirements for our jurisdiction. The court below did not certify the question of petitioner’s bail denial as one “of great public interest.” This Court has not allowed the plain language of the Constitution to be stretched for the purpose of creating an unintended second level of appellate jurisdiction. See Karlin v. City of Miami Beach, 113 So.2d 551 (Fla.1959). Neither the court below nor petitioner can by request confer jurisdiction where none exists. Since no attempt is made to establish this Court’s jurisdiction other than by a certified question of great public interest, and none is apparent from the record, the order of the First District Court of Appeal is final for all purposes.
Our determination of the jurisdictional question in this case is not, however, simply one of form based on the plain language of the order under review. The same result obtains when we go behind the face of the order to the bases for its entry. Petitioner’s primary concern through the course of his appeals has been a denial of bail bond pending appeal of his convictions for aggravated assault and assault with intent to commit murder. The trial court’s original denial of bail without an explanation of reasons was appealed to the First District Court of Appeal as being invalid under Florida Appellate Rule 6.15(c) and this Court’s opinion in Younghans v. State, 90 So.2d 308 (Fla.1956). In that appeal the state conceded the invalidity of the trial court’s action and asked that the matter be remanded for the trial court to make proper findings. Petitioner, on the other hand, moved the appellate court to set bond itself, apparently believing that the trial court would deny bond in all events. The appellate court initially granted petitioner’s request, but on rehearing reversed itself and granted the state’s request for remand without giving any notice of the rehearing request to petitioner.
Petitioner’s first contention before this Court is that the appellate court acted on rehearing without affording petitioner an opportunity to be heard, in violation of Florida Appellate Rule 3.14(f). The appellate court’s summary action on rehearing was not improper under the facts of this case because petitioner had previously replied to the substance of the state’s request for remand by filing with the court, before its initial ruling, a motion in opposition to remand. Thus, petitioner had in fact been heard fully on this point.
After remand from the district court of appeal, the trial court entered a written order denying bond and setting *656 forth a list of reasons for its action. Petitioner’s second contention before this court is, in essence, that a mere recitation of reasons is insufficient as a matter of law because the Younghans doctrine requires an evidentiary hearing. This contention must also be rejected on the basis of the record of this case, but without any expression by this Court on the procedural requirements of the Younghans doctrine. Petitioner appealed the trial court’s order to the First District Court of Appeal where he had previously (albeit temporarily) been awarded bail, requesting in the alternative that the court either again set bond or schedule oral argument on the matter. This latter request was granted, and oral argument was conducted on the lower court’s order. The appellate court’s subsequent order affirming the action of the trial court necessarily resolved against petitioner the suggestion of error relative to an evidentiary hearing on the Young-hans doctrine.
This order also concluded petitioner’s appellate rights under the Florida Constitution, Jones v. Wainwright, 252 So.2d 570 (Fla.1971), unless a basis for this Court’s jurisdiction is to be found in section 3(b) of Article 5. As previously stated, no independent ground for review exists, and the district court of appeal has not created one with its attempted certification here “in order to finally lie this cause to rest.” In substance as well as form, petitioner has been afforded all of the opportunities for relief which he requested and the law requires. The questions posed by petitioner not being “of great public interest” in the view of the appropriate certifying authority, this Court is without jurisdiction to proceed and the petition is denied.
ADKINS, C. J., OVERTON, J., and CHAPPELL, Circuit Judge, concur.
McCAIN, J., dissents.