## 57980. BUCK v. THE STATE.

QUILLIAN, Presiding Judge.

In this appeal from defendant's conviction for armed robbery and aggravated battery, the sole issue presented is whether the defendant was deprived of his constitutional rights by the systematic exclusion of blacks from the grand and traverse jury rolls. *Held:*

1. The defendant did not raise his constitutional attack until after judgment when he filed his motion for new trial. "It has long been the requirement in this state that a criminal defendant must raise any challenge that he has to the jury lists at the time the jury is 'put upon him' or else he waives his right to object . . . Ordinarily the issue as to whether a particular segment of citizens eligible for jury duty has been systematically excluded from the jury box of the county cannot be raised for the first time after the trial, verdict of guilty and imposition of sentence by motion for new trial." *Collins v. State,* 143 Ga. App. 583, 585 (239 SE2d 232). Accord, *Paul v. State,* 144 Ga. App. 106 (8) (240 SE2d 600).

However, the defendant has raised an issue as to whether there was a knowing waiver of his rights. Where a defendant seeks to excuse a failure to timely challenge the composition of a jury he must show that he had no knowledge of the illegal composition prior to indictment. *Estes v. State,* 232 Ga. 703, 708 (2) (208 SE2d 806); *Durham v. State,* 239 Ga. 697, 701 (b) (238 SE2d 334). In this regard an affidavit by the trial attorney was introduced which, as summarized by the trial judge, recited in part "(1) [he] never seriously considered bringing a jury challenge; (2) he was aware such a challenge could be made; (3) he had little or no idea of the actual racial or sexual demographics of Washington County; (4) he did not intentionally waive the right to a jury challenge; and, (5) his failure to make the challenge was not made for any tactical reason."

Since vital rights are involved, we assume arguendo that the defendant has made such showing as will permit a post judgment attack and consider the issue presented on its merits.

2. The defendant had the burden of showing jury

discrimination. The requirements for making out a prima facie case for discrimination in the composition of a grand or petit jury are met when the defendant establishes "that an opportunity for discrimination existed from the source of the jury list and that use of the infected source produced a significant disparity between the percentages found present in the source and those actually appearing on the grand and traverse jury panels." *Fouts v. State,* 240 Ga. 39, 41 (239 SE2d 366). Accord, *Davis v. State,* 241 Ga. 376, 378 (247 SE2d 45).

In *Pass v. Caldwell,* 231 Ga. 192 (1) (200 SE2d 720) the Supreme Court considered a factual situation similar to the case sub judice and there held: "It appears from the evidence that 5.13% of the grand jury venire from which appellant's grand jury was drawn consisted of blacks. It also appears that the percentage of blacks in DeKalb County is 11%. This is not the percentage of those eligible to be selected, but the total percentage in the county. The number of presumptively eligible jurors of the black race in DeKalb County is not known from the record in this proceeding. Under Wright v. Smith, [474 F2d 349] supra, the showing required is a large disparity between those eligible and those chosen, and proof that there was purposeful discrimination in the selection process." Accord, *Johnson v. Caldwell,* 228 Ga. 776, 780 (6) (187 SE2d 844).

Here the defendant relies on the 1970 census as the source for the black population of the county and the jury lists for 1974 and 1976. The defendant contends the lists were marked to designate the race and sex of each juror — to wit: BM, BF, WM & WF (presumably black male, black female, white male and white female respectively). However, the prosecution did not concede the designations accurately reflect the racial composition of the jury lists and the trial judge did not so find. The trial judge noted that in 1971 the Fifth Circuit upheld the Federal District Court's ruling that there was no showing of racial discrimination as to the Washington County jury composition. See Wiggins v. Haynes, 439 F2d 848 (5th Cir. 1971).

The defendant did not establish a prima facie case since he failed to show a significant disparity between the

eligible black jurors and those chosen. Hence, the trial judge did not err in denying the defendant's motion for new trial.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED JUNE 11, 1979 — DECIDED SEPTEMBER 7, 1979.

*Frank L. Derrickson,* for appellant.
*H. R. Thompson, District Attorney,* for appellee.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*