**Edward SMITH, Plaintiff-Appellant,**

v.

**J.D. WHITE, Warden; and Charles Graddick, Attorney General, Defendants-Appellees.**

**No. 83–7305**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Nov. 10, 1983.

---

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

This matter has been presented to the court upon appellant's motion for permission to proceed in forma pauperis and application for certificate of probable cause. We grant both of these motions. In reviewing the file, we note that the district court dismissed without prejudice appellant's petition for writ of habeas corpus on the ground that the petitioner below had failed to exhaust his state remedies. The district court found that although petitioner's conviction had been appealed to the Alabama Court of Criminal Appeals, it had not been presented to the Supreme Court of Alabama. The district court mistakenly relied upon the case of *Longmire v. State,* (Ms. 81–309, Dec. 10, 1982), —— So.2d —— (Ala.1982), which was decided under a different procedural context than that in which the present case is presented.

Our circuit has not dealt with the issue of whether exhaustion of state remedies in Alabama requires an appeal from the Alabama Court of Criminal Appeals to the Alabama Supreme Court. However, our circuit has in *Williams v. Wainwright,* 452 F.2d 775 (5th Cir.1971), stated the following:

> Since petitioner did not seek review by the Florida Supreme Court, we must consider whether that failure supports the contention that Williams has not exhausted his state remedies. Under the circumstances of this case, we are of the opinion that a review by the Florida Supreme Court was not available to Williams within the meaning of the habeas corpus provisions of the United States Code. 28 U.S.C. § 2254. *Bartz v. Wainwright,* 5th Cir.1971, [451] F.2d [663] [Nov. 19, 1971].
>
> The Florida Supreme Court's jurisdiction is strictly described by the Florida Constitution. F.S.A., Const., Art. 5, § 4(2); *Lawyers Title Ins. Corp. v. Little River Bank & T. Co.,* 243 So.2d 417 (Fla. 1970). The Florida District Courts of Appeal were created not as intermediate courts of appeal but as the "end of the road" for most appeals. The Florida Supreme Court has the role of maintaining uniformity and harmony in appellate court decisions by resolving conflicts with Supreme Court decisions and conflicts between the districts. *Foley v. Weaver Drugs, Inc.,* 177 So.2d 221 (Fla.1965); *Gibson v. Maloney,* 231 So.2d 823 (Fla. 1970). In a case such as this, the test of jurisdiction is not whether the Supreme Court believes a decision is incorrect but whether the decision sought to be reviewed conflicts with a decision of the Florida Supreme Court or a decision of a different district court of appeals. *Kyle v. Kyle,* 139 So.2d 885 (Fla.1962).
>
> \* \* \* \* \* \*
>
> Accordingly, we hold that in this case the existence of conflict jurisdiction in the Florida Supreme Court with its limited scope offers no practical remedy that

Williams was required to exhaust under 28 U.S.C. § 2254. *Bartz v. Wainwright,* 5th Cir.1971, [451] F.2d [663] [Nov. 19, 1971]. The requirements of this section are rooted in the doctrine of comity and should not be so construed as to burden the state system with meaningless petitions for relief to forums which are not intended by state law to consider them. *Williams v. Wainwright,* 452 F.2d at 776–77 (footnotes omitted).

Rule 9.030(a) of the Florida Rules of Appellate Procedure describes the limited jurisdiction of the Florida Supreme Court and Rule 39(c) of the Rules of Alabama Supreme Court describes the limited jurisdiction of that supreme court. Both rules provide that only under limited circumstances may cases be appealed from the state court of appeals to the state supreme court. The reasoning of the court in *Williams v. Wainwright, supra,* is just as applicable to Alabama appellate decisions as to Florida appellate decisions. In these states as in the federal system, an appellate court decision is deemed a final adjudication and subsequent appeals, even though they may be permitted, are not required for the purpose of exhausting a litigant's remedies.

Thus, we conclude that the district court erred in holding that a petitioner for a writ of habeas corpus is required to file a petition for writ of certiorari in the Alabama Supreme Court in order to exhaust his state remedies to meet the requirements of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

REVERSED and REMANDED.