**Ronnie BUCK, Petitioner-Appellant,**

**v.**

**Calvin GREEN, Warden and Michael J. Bowers, Atty. General of Georgia, Respondents-Appellees.**

**No. 83–8700.**

United States Court of Appeals, Eleventh Circuit.

Oct. 16, 1984.

Alice C. Stewart, Atlanta, Ga., for petitioner-appellant.

Paula K. Smith, Asst. Atty. Gen., Atlanta, Ga., for respondents-appellees.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

The present appeal arises from an order by the district court dismissing appellant's habeas petition for failure to exhaust state remedies. Finding that appellant has satisfied the exhaustion requirement, we reverse.

Appellant was convicted of armed robbery and aggravated battery in a Georgia Superior Court. He appealed his convictions to the Georgia Court of Appeals and raised only one issue: whether the grand and traverse jury pools in Washington County were unconstitutionally composed. The Georgia Court of Appeals rejected appellant's challenge and affirmed his convictions. *Buck v. State*, 151 Ga.App. 252, 259 S.E.2d 493 (1979). Appellant then filed a *pro se* petition for habeas relief in the Superior Court of Tattnall County, again challenging only the composition of the grand and traverse juries. The state habeas petition was later dismissed without prejudice.

Appellant then petitioned the District Court for the Middle District of Georgia for habeas relief. His federal habeas petition again raised but a single ground for relief:

that his convictions were obtained by grand and petit jury panels in which blacks were systematically excluded and which did not represent a fair cross-section of the community. *See* Record on Appeal at 5. The district court concluded that appellant had not exhausted his state remedies, because he had failed to seek review by the Supreme Court of Georgia of the Georgia Court of Appeals' decision in his direct appeal and because he failed to appeal the dismissal of his state habeas petition. The district court dismissed appellant's petition for federal habeas relief for want of exhaustion. We disagree.

■ First, appellant was not required to seek review in the Georgia Supreme Court of the Georgia Court of Appeals' affirmance of his conviction as a precondition to seeking federal habeas relief. The state concedes that appellant had no right to appeal the decision of the Georgia Court of Appeals to the Georgia Supreme Court. *See King v. State,* 155 Ga. 707, 118 S.E. 368 (1923). Thus, appellant could seek review in the Georgia Supreme Court only by writ of certiorari. 155 Ga. at 712, 118 S.E. at 371. The state Supreme Court's certiorari jurisdiction is extremely limited, being restricted by the Georgia Constitution to "cases in the Court of Appeals which are of gravity or great public importance." Ga. Const. art. VI, § 6, ¶ 4. Thus, the Supreme Court of Georgia does not ordinarily review assignments of error from a judgment of the Court of Appeals. *Frazier v. Southern Railway Co.,* 200 Ga. 590, 37 S.E.2d 774 (1946). In this respect, then, the jurisdiction of the Georgia Supreme Court closely parallels that of the supreme courts of the other two states that comprise the Eleventh Circuit, Alabama and Florida. *See Smith v. White,* 719 F.2d 390 (11th Cir.1983) (discussing issue in context of Alabama and Florida law).

This circuit has held that 28 U.S.C. § 2254 does not require a Florida prisoner to seek review in the Florida Supreme Court of a Florida appellate court's affirmance of his conviction in order to exhaust state remedies. *Williams v. Wainwright,* 452 F.2d 775, 776–77. We reached the same result when the issue was presented in the context of a federal habeas petition filed by an Alabama prisoner. *Smith v. White,* 719 F.2d at 392. Both *Williams* and *Smith* rest on the premise that the state supreme court's limited jurisdiction "offers no practical remedy that [the state prisoner] was required to exhaust under 28 U.S.C. § 2254.... The requirements of this section are rooted in the doctrine of comity and should not be so construed as to burden the state system with meaningless petitions for relief to forums which are not intended by state law to consider them." *Williams v. Wainwright,* 452 F.2d at 777 (citation omitted). As the State of Georgia concedes, the jurisdiction of the Georgia Supreme Court is similarly circumscribed; therefore, we follow *Williams* and *Smith* and conclude that appellant was not required to petition the Georgia Supreme Court for certiorari for purposes of exhausting his state remedies.

■ The district court also emphasized that appellant failed to seek review of the Georgia Superior Court's dismissal of his state habeas petition. However, the exhaustion requirement imposed by 28 U.S.C. § 2254 does not require a state prisoner to seek collateral review from the state courts of issues already raised on direct appeal. *Walker v. Zant,* 693 F.2d 1087, 1088 (11th Cir.1982). Thus, an issue which has been raised on direct appeal in state proceedings can serve as the basis for a federal habeas petition, provided, of course, that the petition does not assert exhausted and unexhausted claims. *Id.* There is no contention in this case that appellant failed to raise the jury composition issue in his direct appeal; similarly, the jury composition issue is the only question presented by appellant's federal habeas petition. Therefore, appellant's claim has been exhausted and the district court erred in dismissing the petition for failure to exhaust state remedies.

For these reasons, the order of the district court is REVERSED and this case is REMANDED for further proceedings.