George HUGHES, Petitioner-Appellant,

v.

James STAFFORD, Sheriff and Jailer of Whitfield County, Georgia, Respondent-Appellee.

No. 85–8251.

United States Court of Appeals, Eleventh Circuit.

Jan. 30, 1986.

Jerome J. Froelich, Jr., Atlanta, Ga., for petitioner-appellant.

Steven M. Harrison, Dalton, Ga., for respondent-appellee.

Before RONEY and HATCHETT, Circuit Judges, and NICHOLS *, Senior Circuit Judge.

PER CURIAM:

In November of 1974, George Hughes was convicted of voluntary manslaughter and sentenced to one year in state prison. After Georgia's Court of Appeals and its Supreme Court refused to overturn his conviction, Hughes, on April 8, 1976, filed an application for a writ of habeas corpus in the Superior Court of Whitfield County, Georgia. After a hearing, that proceeding apparently lay dormant until 1984 when Hughes moved the state court to act on his habeas corpus application. Promptly thereafter, on December 13, 1984, the state court denied the writ on the merits. On that same date, rather than pursuing the available state procedure to seek a certificate of probable cause from the Georgia Supreme Court, Hughes filed a petition for habeas corpus relief in the federal court. On March 25, 1985, the district court dismissed the petition for failure to exhaust state remedies. We hold that the district court correctly held that Hughes by-passed this available state procedure and failed to exhaust state remedies as required by 28 U.S.C.A. § 2254.

This case is not like those in which we have held that a habeas corpus petitioner, as a requirement for exhaustion of state remedies, need not seek a review to an appellate court where the review is only by *writ of certiorari.* *Buck v. Green,* 743 F.2d 1567 (11th Cir.1984); *Smith v. White,* 719 F.2d 390 (11th Cir.1983); *Williams v. Wainwright,* 452 F.2d 775 (5th Cir.1971). In those cases, a determination as to

whether to permit an appeal turns on whether the decision reviewed conflicts with precedent of other state courts, and whether it involves issues of gravity or great public importance. Ga.Const. Art. 6, § 6, Para. 4; *Kyle v. Kyle,* 139 So.2d 885 (Fla.1962). Jurisdiction does not turn on a consideration by the appellate court of the correctness of the lower court's decision. *Frazier v. Southern Ry. Co.,* 200 Ga. 590, 37 S.E.2d 774 (1946).

Georgia habeas corpus procedure, however, permits a petitioner to seek a certificate of probable cause from the Georgia Supreme Court within 30 days from the entry of the order denying him relief. O.C.G.A. § 9–14–52. To decide whether to grant or deny a certificate of probable cause, the appellate Court must consider the merits of a petitioner's individual claim unrelated to conflicts or public importance. Thus, Hughes' argument concerning the alleged *Brady* violation would have been considered by the Georgia Supreme Court in deciding whether there was probable cause for an appeal had it been petitioned for relief. This procedure offers an available remedy in the state court which must be pursued for exhaustion purposes. *Reed v. Hopper,* 235 Ga. 298, 219 S.E.2d 409 (1975).

Although the exhaustion requirement of section 2254(b) is not jurisdictional, and in rare instances the federal court may deviate from the exhaustion requirement, especially in cases where state remedies ineffectively protect a prisoner's rights, *see Cook v. Florida Parole and Probation Com'n,* 749 F.2d 678, 679–80 (11th Cir. 1985), it would be inappropriate to waive the exhaustion requirement where the petitioner has a viable state procedure available at the same time he files his federal petition. Although the eight-year delay in the state's ruling on Hughes' habeas corpus petition should not have occurred, the state court nonetheless acted on the merits

---

* Honorable Philip Nichols, Jr., Senior Circuit Judge for the Federal Circuit, sitting by designation.

with prompt speed when Hughes asked for a ruling and there is nothing to indicate he would not have received an expeditious handling of his case by the Georgia Supreme Court. The district court properly dismissed, without prejudice, Hughes' habeas corpus petition for failure to exhaust state remedies.

AFFIRMED.