**Ronnie BUCK, Petitioner–Appellee,**

v.

**Calvin GREEN, Warden, Respondent–Appellant.**

No. 88–8522.

United States Court of Appeals, Eleventh Circuit.

June 13, 1989.

William B. Hill, Jr., Paula K. Smith, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellant.

Alice Stewart, Atlanta, Ga., for petitioner-appellee.

---

Before HILL and EDMONDSON, Circuit Judges, and ATKINS *, Senior District Judge.

EDMONDSON, Circuit Judge:

This habeas corpus appeal involves 28 U.S.C. sec. 2254(d)(1) and the presumptive correctness of certain state court determinations. The district court granted habeas corpus relief to Ronnie Buck on the ground that blacks were systematically excluded from the grand and traverse jury rolls from which the jury that convicted Buck was selected. We vacate the district court's judgment and remand with directions.

*Background*

Ronnie Buck was indicted on four counts of armed robbery and on one count of aggravated battery. Buck was tried, convicted, and sentenced to four concurrent life sentences on the armed robbery counts plus twenty years consecutive imprisonment for the aggravated battery. In a motion for new trial, Buck claimed for the first time that blacks and women were improperly excluded from the grand and traverse jury pools.

In support of his motion, Buck submitted the grand and traverse jury lists for 1974 and 1976 with the race and sex of each name supposedly identified. Buck contended that this identification was made by first looking at the voter registration list and then by asking black citizens with personal knowledge to identify the race and sex of those persons who could not be found on the voter list. Counsel then compared the percentage of blacks on the jury lists with the percentage of age-eligible blacks in the county and argued that the resulting disparity amounted to a prima facie case of

discrimination. The trial judge denied the motion for new trial.

Buck appealed to the Georgia Court of Appeals. That court denied the claim on the merits, noting that the state never conceded that the racial designations accurately reflected the racial composition of the jury list and that the trial court made no finding that the designations were accurate. *Buck v. State*, 151 Ga.App. 252, 259 S.E.2d 493, 495 (1979).

Buck filed for federal habeas corpus relief. Initially the district court dismissed his petition for failure to exhaust state remedies. This court reversed the district court and remanded for further proceedings. *Buck v. Green*, 743 F.2d 1567 (11th Cir.1984). The district court fully adopted the magistrate's recommendation—made following an evidentiary hearing—and granted habeas relief. 690 F.Supp. 1034. Georgia now appeals the judgment of the district court.

*Presumption of correctness*

Because petitioner alleged facts in his petition which, if true, would entitle him to federal habeas relief, we cannot say that the district court abused its discretion in holding an evidentiary hearing. *See Townsend v. Sain*, 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963) (federal courts may hold evidentiary hearing even when hearing is not mandatory); *Holley v. Smith*, 792 F.2d 1046, 1049 (11th Cir.1986).

The state argues that the district court improperly denied a presumption of correctness to the state court's factual finding that Buck had failed to prove improper racial composition of the jury pools. Section 2254(d)[1] of Title 28 of the United

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. 28 U.S.C. section 2254(d) states:
   In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a

written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—
   (1) that the merits of the factual dispute were not resolved in the State court hearing;
   (2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
   (3) that the material facts were not adequately developed at the State court hearing;

States Code establishes a presumption of correctness for a state court's factual finding unless one of the eight listed conditions is met or unless convincing evidence shows that the factual determination by the state is erroneous. *See Thomas v. Zant,* 697 F.2d 977, 984 (11th Cir.1983), *vacated, Kemp v. Thomas,* 478 U.S. 1016, 106 S.Ct. 3325, 92 L.Ed.2d 732 (1986), *on remand, Thomas v. Kemp,* 800 F.2d 1024 (1986).

In this case, the state trial court noted that a list of juror's names had been introduced into evidence and that the defense contended that the list had been studied by black citizens of the county and marked for racial identification.[2] The state stipulated that the jury list itself was correct but did not admit the accuracy of the racial identifications. The state trial court said, "This evidence amounts to an unsubstantiated assertion that blacks were systematically excluded." *Id.* at 120. The court pointed out that no other evidence had been proffered except census figures. Having found that Buck failed to establish the accuracy of the racial identification of each venireperson, the trial court determined that the "doubtful designations on the list tendered in evidence fail to establish a prima facie case of discrimination." *Id.* at 120–21. The trial court then declared that the "mere allegation unsupported by proof" presented no cause for granting a motion for new trial. *Id.* at 121.

On appeal, the Georgia Court of Appeals observed that the defendant had the burden of showing jury discrimination. *Buck v. State,* 151 Ga.App. 252, 259 S.E.2d 493, 494 (1979). The appeals court stressed that the prosecution made no concession that the racial designations were accurate and that "the trial judge did not so find." *Id.* 259 S.E.2d at 495. The court further determined that "[t]he defendant did not establish a prima facie case since he failed to show a significant disparity between the eligible black jurors and those chosen. Hence the trial judge did not err in denying the defendant's motion for a new trial." *Id.* at 495.

Federal courts must defer to state court findings of fact unless one of the conditions listed at 28 U.S.C. sec. 2254(d) is present. *Sumner v. Mata,* 449 U.S. 539, 546, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981). Section 2254(d) specifies no procedural requirements that must be satisfied for a "hearing on the merits of a factual issue" except that the habeas petitioner and the state or its agents be parties to the state proceeding and the state court determination be evidenced by "a written finding, written opinion or other reliable and adequate written indicia." *Id.*

The magistrate determined that neither the state trial court nor the court of appeals made a factual finding on the sufficiency of Buck's claim. The magistrate refused to apply the presumption of cor-

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole

concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

**2.** These designations were notations of race and sex (BF, BM, WF, WM) made by persons under no oath and unknown to the trial court.

rectness because "the merits of the factual dispute were not resolved in the State court hearing...." *See* 28 U.S.C. sec. 2254(d)(1). We disagree with this conclusion.[3]

The merits of the factual dispute were resolved in the state courts. Both state courts found that the accuracy of the racial designations were unsubstantiated and, therefore, determined that Buck failed to establish a prima facie case of discrimination. "Unsubstantiated" means "not proved;" and the state trial court's determination that the designations were unsubstantiated and that defendant's allegations of discrimination were unsupported amounts to a finding of fact of no underrepresentation of blacks or women.

The judgment of the district court is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

---

**3.** To avoid the presumption of correctness, the magistrate's recommendation relied expressly on 2254(d)(1). We therefore address only 2254(d)(1).