Nathaniel PRESSLEY, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, Department of Health & Rehabilitation Services, State of Florida, Respondent-Appellee.

No. 73-3113.

United States Court of Appeals, Fifth Circuit.

May 10, 1974.

Rehearing Denied June 4, 1974.

Phillip A. Hubbart, Public Defender, 11th Judicial Circuit, Bennett H. Brummer, Asst. Public Defender, Miami, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Joel D. Rosenblatt, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before DYER, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Nathaniel Pressley alleges he was denied effective assistance of counsel in pursuing a petition for writ of certiorari to the Supreme Court of Florida. We affirm the United States District Court's denial of a writ of habeas corpus on the grounds that Pressley has failed to exhaust state remedies. 28 U.S.C.A. § 2254.

Pressley's first degree murder conviction was affirmed by the Florida District Court of Appeal. His court-appointed counsel agreed with Pressley that a petition for writ of certiorari to the Florida Supreme Court might be fruitful since one of the three District Court of Appeal judges dissented from an affirmance of his conviction on the ground that the majority's decision was in conflict with a prior decision of another District. One ground for asserting certiorari jurisdiction in Florida is a conflict between District Courts of

Appeal. Rule 4.5, subd. c(6), Fla.Appellate Rules, 32 F.S.A. Counsel said, however, that he could not represent Pressley on the petition and advised him to write to the public defender. Pressley's request for representation was favorably received by the public defender who said that he would represent Pressley when properly substituted as counsel.

By the time the public defender was officially substituted by order of the District Court of Appeal, however, the thirty day time limitation for application for writ of certiorari had expired. The public defender filed a petition for writ of habeas corpus with the Florida Supreme Court. The writ was discharged by the Florida Supreme Court which merely noted that there appeared nothing in the record which entitled Pressley to his liberty.

Pressley's petition for writ of habeas corpus was denied by the federal District Court. We affirm the District Court's denial of relief for failure to exhaust state remedies. Although recognizing that a petition for writ of habeas corpus is the accepted remedy in pursuing an out-of-time appeal in Florida, Pressley's petition in the state court did not clearly state he was merely seeking permission to file a belated application for writ of certiorari. Instead, it asks for Pressley's release because "the petitioner has been denied equal protection of the laws, due process of law, and his right to effective assistance of counsel . . . ." The Florida Supreme Court did not address the possibility of allowing a belated application for certiorari in its denial of habeas corpus relief:

> The Court has considered the petition for writ of habeas corpus . . . and is now of the opinion that petitioner, according to the record now before us, is not entitled to his liberty, so the writ of habeas corpus is discharged and petitioner is remanded to custody.

Pressley should proceed in the state court explicitly stating the type relief sought and the grounds therefor.

In exhausting state remedies, Pressley's counsel could pursue at least two alternatives: (1) since the Florida Supreme Court has not directly denied an out-of-time application for writ of certiorari but has merely refused to release Pressley, a motion to the Florida Supreme Court for leave to file a belated application for certiorari, along with an appropriate petition for writ of certiorari, could be filed in that court. (2) A motion might be filed with the District Court of Appeal, Third District, requesting it to withdraw and then reenter its mandate, thereby starting anew the thirty day filing period for certiorari application. This procedure was followed by this Court in Lacaze v. United States, 457 F.2d 1075 (5th Cir.), cert. denied, 409 U.S. 921, 93 S.Ct. 251, 34 L.Ed.2d 180 (1972), in which we withdrew our mandate and issued a new mandate so the defendant could file a timely petition for writ of certiorari to the United States Supreme Court.

This remedy has been directed to Federal District Courts by United States Courts of Appeals, *see* Lacaze v. United States, 475 F.2d at 1079; Jenkins v. United States, 130 U.S.App.D.C. 248, 399 F.2d 981, 982 (1968), and has been directed by the United States Supreme Court to Courts of Appeals. Schreiner v. United States, 404 U.S. 67, 92 S.Ct. 326, 30 L.Ed.2d 222 (1971).

Although these procedures are not specifically provided for in the Florida Statutes or Rules of Court, they are not specifically excluded either. Given the particular factual circumstances leading to the lapse of the filing time through no fault of Pressley, his intention at all times to seek review in the Supreme Court, the belated order of the District Court of Appeal appointing counsel for the purpose of pursuing the appeal, and the good faith assertion of certiorari jurisdiction shown by the possible conflict in the District Court of Appeal's decisions, we feel Pressley should again present his contention to the proper state courts before asserting his claims in federal court. Until the state courts

have been asked directly to grant the kind of relief that Pressley might rightfully be entitled to, the hand of the federal court should be stayed. The thrust of Pressley's complaint is not that the Florida court has denied him a writ of certiorari, but that he has not had an opportunity to present his petition.

Affirmed.