**Raphael FOLEY, Petitioner,**

v.

**Janie COCKRELL, Director, Texas Department of Criminal Justice, Institutional Division, Respondent.**

No. 7:02–CV–069–R.

United States District Court, N.D. Texas, Wichita Falls Division.

Sept. 23, 2002.

Raphael Foley, Iowa Park, TX, pro se.

Coretta T. Graham, Atty. Gen. of Texas, Austin, TX, for respondent.

### MEMORANDUM OPINION AND ORDER

BUCHMEYER, District Judge.

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate confined in the Allred Unit of the Texas Department of Criminal Justice (TDCJ) in Iowa Park, Texas.

Petitioner is serving a ten-year sentence imposed pursuant to his 1993 Dallas County conviction for delivery of a controlled substance. *Petition* ¶¶ *1–4.* Foley challenges the validity of disciplinary action taken against him while he was confined in the Boyd Unit in Teague, Texas. *Petition ¶ 17.* The disciplinary proceeding resulted in a freeze in his custodial classification, 30 days of commissary restriction, 15 days of solitary confinement and the loss of 90 days of good-time credits.[1]

Foley seeks habeas relief on the grounds that he was denied effective assistance of counsel, he was denied due process and because favorable evidence was withheld by the "prosecution." *Petition ¶¶ 20.A–D.* On June 5, 2002, Respondent filed her answer wherein she seeks dismissal of the petition on the ground that it is barred by the one-year statute of limitations. Petitioner is currently incarcerated within the Northern District of Texas. Thus, even though the disciplinary action took place within the Western District of Texas, this court has jurisdiction to entertain the petition. *See Story v. Collins,* 920 F.2d 1247, 1250–51 (5th Cir.1991).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") there is a one-year limitation period during which an inmate must file any federal petition for writ of habeas corpus in which he seeks relief under § 2244. The AEDPA provides in pertinent part:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims pre-

---

1. Petitioner claims to be eligible for mandatory supervised release. *Petition ¶ 16.* Because he lost previously earned good-time credits as a result of the disciplinary action, his petition is properly brought under 28 U.S.C. § 2254. *See Malchi v. Thaler,* 211 F.3d 953, 956 (5th Cir.2000).

sented could have been discovered through the exercise of due diligence. (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because "[TDCJ] is not a state court, and the application of good conduct time is not a judgment, . . . [Foley's] good conduct time claim attacks the conditions of his restraint under his judgment of conviction for [delivery of a controlled substance]" rather than attacking the conviction itself. *Story*, 920 F.2d at 1251. Therefore, the court does not look to the date of the criminal conviction for purposes of the statute of limitations. Rather, the court must look to the factual predicate upon which Foley's petition is based. This factual predicate is the disciplinary action that was heard and decided on March 21, 2001. *Petition ¶ 18; Respondent's Answer p. 6.* Thus, the statute of limitations began to run on that date.

■ The instant petition was filed-stamped on April 3, 2002. However, Foley signed the petition on March 29, 2002. Thus, the court will assume, for the purpose of this opinion, that the petition was filed on March 29, 2002, one week after Foley's one-year limitation period expired. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir.1998) (applying the "mailbox rule" to the filing of a federal habeas petition). Respondent argues that neither statutory tolling nor equitable tolling applies to Foley's limitation period and that the action is, therefore, time-barred. The court agrees that, because TDCJ is not a state court and a decision in a prison disciplinary case is not a judgment of a state court, the limitation period does not toll by statute during the time that administrative appeals through the prison grievance process are pending. *See* 28 U.S.C. § 2244(d)(1)(A). The court must now consider whether a petitioner's exhaustion of administrative appeals through the prison grievance process serves to equitably toll the limitation period, and, if so, whether Foley's petition is timely.

■ The Fifth Circuit has recognized that, under appropriate circumstances, the statute of limitations may be equitably tolled. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), *reh'g granted in part on other grounds*, 223 F.3d 797 (5th Cir.2000); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235, 79 S.Ct. 760, 763, 3 L.Ed.2d 770 (1959). It is well settled that, prior to bringing a habeas petition in federal court, a petitioner must exhaust available state remedies. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.1993); *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985). In Texas, and more specifically, within the Texas Department of Criminal Justice, an inmate challenging the results of a prison disciplinary action must seek relief through the two-step prison grievance process. *Ex parte Brager*, 704 S.W.2d 46 (Tex.Crim.App.1986) (holding that the Texas Court of Criminal Appeals will not entertain state habeas actions challenging violations of prison disciplinary procedures).

The court disagrees with Respondent's argument that, under these circumstances, equitable tolling does not apply. As noted by Judge Means in an unpublished case, *Goodall v. Cockrell*, No. 4:01–CV–929–Y, 2002 WL 1896976, *1 n. 6 (N.D.Tex.2002),

"it would be illogical not to afford the inmate equitable tolling for the time it takes to complete a state-mandated administrative review process that by necessity will coincide and overlap with the running of that one year [limitation period]." This court notes that, not only is this the state mandated appeal process for challenges to disciplinary actions, exhaustion of the grievance process is required prior to bringing a habeas action in federal court. Under these circumstances, "strict application of the statute of limitations would be inequitable." *See Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir.2002) (affirming the application of equitable tolling under a totality of the circumstances evaluation). Because exhaustion of administrative remedies is required, Petitioner is entitled to equitable tolling of the statute of limitations until the date that he completed the TDCJ administrative review process. The date of the decision on Foley's Step 2 grievance challenging the disciplinary action was August 10, 2001. *See Respondent's Answer, Exhibit "C."* Accordingly, his limitation period ran until August 10, 2002. The instant petition, file-stamped on April 3, 2002, is timely.

IT IS THEREFORE ORDERED that Respondent's request that this action be dismissed as time-barred is hereby DENIED.

Respondent shall file her answer on the merits as directed in the Court's Order to Show Cause within thirty days of the date of this order.

A copy of this Order shall be transmitted to Petitioner and to Counsel for Respondent.