**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-50016

CHARLTON REED TIPTON,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
6:06-cv-313

Before JONES, Chief Judge, and GARZA and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant Charlton Reed Tipton appeals the denial of his federal
application for habeas corpus challenging his state conviction and sentence for
aggravated sexual assault. The district court denied ten of his fourteen claims
for relief on the grounds that Tipton failed to exhaust his state remedies and the
claims would be procedurally barred under Texas's abuse of the writ doctrine.
Relying on the Texas Court of Criminal Appeal's denial of Tipton's state habeas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

application, the district court denied his other four claims on the merits. After the district court denied Tipton's application, the Texas Court of Criminal Appeals withdrew its order denying Tipton habeas relief and dismissed his habeas application on jurisdictional grounds. Tipton's appeal raises the issue of whether the dismissal of his state habeas case on procedural grounds requires us to vacate the district court's opinion relying on the withdrawn denial of relief. For the following reasons, we VACATE the district court's denial of habeas corpus relief and REMAND for further proceedings.

## I.

Tipton was convicted of aggravated sexual assault of a child and sentenced to life imprisonment. After the trial, Tipton filed an appeal arguing that the trial court erroneously admitted evidence and that his trial counsel was ineffective. The court of appeals rejected his arguments and affirmed his conviction and sentence. The Texas Court of Criminal Appeals ("TCCA") later denied his petition for discretionary review.

However, before the TCCA issued its mandate, Tipton filed a state application for habeas corpus relief. In the state application, Tipton asserted claims of ineffective assistance of counsel. The state trial court found that there were no controverted facts regarding Tipton's application and recommended that it be denied. The TCCA disagreed and remanded the case to the trial court, instructing the trial court to obtain affidavits or hold an evidentiary hearing. The court obtained affidavits from Tipton and his counsel and made factual findings. Based on the findings of the trial court, the TCCA denied Tipton's state habeas corpus application without written order.[1]

After the TCCA's denial, Tipton filed a federal habeas corpus application under 28 U.S.C. § 2254. In his application, Tipton raised fourteen ineffective

---

[1] The TCCA is the highest court in Texas state court for purposes of exhaustion of state court remedies. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

assistance of counsel claims—four he raised in the state court and ten he raised for the first time before the district court. The magistrate judge determined that Tipton had exhausted his state remedies regarding the claims he had raised in state court. However, as to the claims Tipton had failed to raise in state court, the magistrate judge found that Tipton had not exhausted his state remedies and the claims were procedurally barred. He also found that Tipton had not shown that the state court's denial of the exhausted claims was based on an unreasonable application of federal law or an unreasonable determination of fact. In the alternative, he found that those claims were without merit because Tipton had not shown prejudice from his counsel's alleged deficiencies. The magistrate judge recommended that Tipton's habeas application be dismissed.

Tipton objected to the report and recommendation, arguing that he had received ineffective assistance of counsel regarding his exhausted claims and requesting that his case be held in abeyance until he exhausted his remaining claims. The district court rejected Tipton's request to hold the case in abeyance, ruling that Tipton's unexhausted claims were procedurally barred because he would be prevented from raising them in a state habeas corpus application pursuant to Texas's abuse of the writ doctrine. The district court ruled that Tipton had not shown that the state court's denial of his exhausted claims was based on an unreasonable application of federal law or an unreasonable determination of fact. It adopted the magistrate judge's report and recommendation and denied Tipton's habeas application.

After the district court denied Tipton's application, Tipton informed the TCCA that he had filed his state habeas application prior to the issuance of the mandate on his direct appeal, and he requested that the denial of his state habeas application be modified to a dismissal for lack of jurisdiction. The TCCA subsequently reconsidered the denial of Tipton's state habeas application. Upon reconsideration, the TCCA ruled that because Tipton's state habeas corpus

3

application was filed while his direct appeal was still pending, the TCCA was without jurisdiction to decide Tipton's habeas application. Accordingly, the TCCA withdrew its denial of Tipton's state habeas application, and it dismissed the application without prejudice.

Tipton then sought a certificate of appealability ("COA") from this court to challenge the district court's denial of federal habeas relief. We granted Tipton a COA on the issue of "whether the withdrawal of the denial of his state habeas corpus application requires the vacating of the denial of his § 2254 application."

## II.

To determine whether we must vacate the district court's denial of habeas relief, we must first decide how the TCCA's dismissal of Tipton's state habeas application on jurisdictional grounds and the court's withdrawal of the denial on the merits affects Tipton's federal habeas application.[2] Because Tipton's state application was dismissed on jurisdictional grounds, Tipton's habeas claims are not procedurally barred and are unexhausted. Further, the TCCA's denial on the merits is void and not entitled to deference. Accordingly, Tipton's claims could not be denied because he failed to show that the TCCA's denial was based on an unreasonable application of federal law or an unreasonable determination of fact.

## A.

As to the claims Tipton raised for the first time before the district court, the district court determined that the claims were unexhausted and procedurally barred under Texas's abuse of the writ doctrine. Under the abuse of the writ doctrine, a subsequent application for habeas corpus relief filed after final

---

[2] We do not find it necessary for this court to decide at this time whether this case should be reviewed for plain error or reviewed *de novo* because this case should be vacated under either standard

4

disposition of an initial application may not be considered on the merits—meaning the subsequent application is procedurally barred—unless the

> subsequent application . . . contains sufficient specific facts establishing that: (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). A final disposition only occurs when there is a denial of the application on the merits or "a determination that the merits of the applicant's claims can never be decided." *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997). Texas's abuse of the writ doctrine does not bar a subsequent application if the initial application was filed before the state court acquired jurisdiction. *See id.* Here, Tipton prematurely filed his state habeas application, and the TCCA dismissed the application on jurisdictional grounds, not on the merits. *Ex parte Tipton*, No. WR-60,395-02, 2008 Tex. Crim. App. Unpub. LEXIS 319, at *1 (Apr. 30, 2008). Because Tipton's state habeas application was dismissed on jurisdictional grounds, Texas's abuse of the writ doctrine would not bar Tipton from filing a subsequent habeas application in state court. Accordingly, Tipton's habeas claims are not procedurally barred. Because the district court held to the contrary, its judgment must be vacated.

### B.

The district court found that Tipton exhausted four of his fourteen claims for habeas relief. An applicant requesting habeas relief under 28 U.S.C. § 2254 is required to exhaust all claims in state court before seeking federal habeas relief. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). "The exhaustion

requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Id.* The substance of a claim is fairly presented only when the applicant presented his claims to the state court "in a procedurally proper manner according to the rules of the state court[]." *Id.* (quotations omitted).

Here, Tipton failed to present his claims to the TCCA in a proper procedural manner because he filed his state habeas application before the state court acquired jurisdiction. *See Ex parte Tipton*, 2008 Tex. Crim. App. Unpub. LEXIS 319, at *1. Accordingly, the TCCA was denied a fair opportunity to consider Tipton's claims, and thus, all of his claims remain unexhausted. The district court's finding to the contrary is error and the entire judgment must be vacated.

## C.

Further, to the extent the district court denied Tipton's "exhausted claims" on the merits, the district court's judgment must be vacated. The district court held that the because the TCCA denied Tipton habeas relief on the merits, Tipton's failure to prove that the TCCA's decision was based on an unreasonable application of federal law or an unreasonable determination of fact rendered his application meritless.

As discussed, the TCCA subsequently withdrew its decision denying Tipton habeas relief on the merits because it found that the court lacked jurisdiction to consider Tipton's application. As the TCCA did not have jurisdiction to consider Tipton's application, the TCCA's original judgment purporting to deny the application on the merits was void ab initio. *See Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001). "A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." *Ex Parte Seidel*, 39 S.W.3d 221, 225 (Tex. Crim.

App. 2001). Accordingly, the district court was in error in relying on the TCCA's void judgment, and its judgment must be vacated.

## III.

The State agrees that we must vacate the district court's denial of Tipton's federal habeas application to extent the district court relied upon the TCCA's denial of Tipton's state habeas application. However, the State maintains that we should affirm the district court's denial in part on the alternative ground that Tipton did not sufficiently allege that he was prejudiced by his counsel's deficient performance. For the reasons articulated above, we find the district court was in error and the entire judgment must be vacated.

In light of the TCCA's dismissal of Tipton's state habeas application, we remand to the district court to consider whether it should (1) dismiss the case without prejudice in order to permit Tipton to exhaust his state remedies, (2) deny Tipton's application on the merits, or (3) issue a stay and hold the case in abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005).[3]

VACATED and REMANDED.

---

[3] In their briefs, the parties dispute whether the district court on remand should issue a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005). They agree, however, that the district court should decide the issue in the first instance. Because our jurisdiction is limited to those issues listed in the COA, we express no opinion on the question of whether a stay and abeyance is appropriate in this case under *Rhines*. *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) ("COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone.").